United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

|  |  |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>CONCETTA MCBRIDE, et al.,<br><br>Defendants. | Case No. 17-cv-02925-BLF<br><br>**SUA SPONTE REMAND ORDER** |

On May 22, 2017, Defendant Concetta Mcbride, a natural woman standing sui juris in Her Natural Capacity and non-party Eeon, a natural individual standing sui juris in his Natural Capacity, filed a Notice of Removal removing this unlawful detainer action from the Superior Court of California for Monterey County.[1] Notice of Removal ("NOR"), ECF 1; Compl., ECF 1-7. For the following reasons, the Court *sua sponte* remands this case to the Superior Court of California for Monterey County for lack of subject matter jurisdiction.

"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter

---

[1] Because Eeon is not a party, he cannot participate in the removal process. Moreover, there is no indication that Defendant Gregory McBride has consented to this removal. 28 U.S.C. § 1446(b)(2)(A) (all defendants who have been served must join in or consent to the removal of the action). The Court does not address these procedural defects because it finds that it does not have subject matter jurisdiction over the action.

jurisdiction." *GFD, LLC v. Carter*, No. CV 12-08985, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)).

Eeon and McBride allege that the above-titled action is properly removed on the basis of diversity and federal question jurisdiction. NOR ¶ 32. As best the Court can tell, Eeon and McBride assert that this Court has federal jurisdiction because (1) complete diversity exists and they seek $9 million in damages; (2) various proposed counterclaims under federal law. *See generally* NOR.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). The Complaint and Notice of Removal indicate that Eeon and McBride are both citizens of California. NOR ¶ 30 (Eeon, McBride, and others live at the home in question); Compl. ¶¶ 1 (the property is located in Salinas, California), 4 (Eeon sublets the property in question). Additionally, in the Notice of Removal, Eeon and McBride allege that Plaintiff Deutsche Bank Trust Company Americas ("Deutsche Bank") is a California corporation. NOR ¶ 15. Regardless of the accuracy of the assertion regarding Deutsche Bank's citizenship, the amount in controversy alleged in the complaint plainly does not exceed $75,000. *See generally* Compl. (amount not to exceed $10,000); *see also Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-1641, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole."). That Eeon and McBride seek $9 million in damages is of no avail. *See* NOR ¶¶ 14, 37; *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985) (federal question jurisdiction arises only from the face of a well-pleaded complaint, not the defenses or counterclaims alleged by a defendant).

Additionally, a review of the Complaint reveals no federal question. Here, Deutsche Bank's "one cause of action is for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal." *Polymatic Props., Inc. v. Mack*, No. 12-cv-2848, 2012 WL 5932618, at *1 (E.D. Cal. Nov. 27, 2012) (citing *Takeda*, 765 F.2d at 822); *see also Deutsche Bank Nat'l Trust Co. v. Ghosal*, No. 14cv2582, 2014

2

WL 5587199, at *2 (S.D. Cal. Nov. 3, 2014) (remanding unlawful detainer action *sua sponte*). Therefore, Eeon and McBride have not shown the existence of federal question removal jurisdiction.

For the stated reasons, this case is REMANDED to the Superior Court of California for Monterey County.

**IT IS SO ORDERED.**

Dated: June 1, 2017

_____
BETH LABSON FREEMAN
United States District Judge